**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION**

**ROGER ABERNATHY**                                                                    **PLAINTIFF**

**v.**                                          **CIVIL ACTION NO.: 2:11-CV-219-SA-SAA**

**NCC BUSINESS SERVICES, INC.**                                     **DEFENDANT**

**MEMORANDUM OPINION**

Plaintiff Roger Abernathy commenced this Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.*, suit against Defendant NCC Business Services, Inc. Before the Court is a Motion to Dismiss, or in the Alternative, for Summary Judgment [10] filed by Defendant NCC. Also before the Court is Defendant's Motion to Strike [40] Plaintiff's Response in Opposition to Summary Judgment, as well as Plaintiff's Motion for Leave to File a Sur-Rebuttal in Opposition to the Motion to Strike [46]. The Court finds as follows:

**BACKGROUND FACTS**

Plaintiff alleges that beginning in September 2011, Defendant NCC (a third-party debt collection agency) began placing collection calls to Plaintiff's home, work, and cell phone in an attempt to collect a consumer debt. Plaintiff alleges that Defendant left a voicemail[1] message on his home answering machine which failed to meaningfully disclose the caller's identity or disclose that it was from a debt collector. The alleged message stated:

> Hello, this is an important call for Roger Abernathy. If this is Roger Abernathy, please press 1 now. If this is not Roger Abernathy, please press 2 now. Once again if this is Roger Abernathy, please press 1 now. If this is not Roger Abernathy, please press 2 now. Once again if this is Roger Abernathy, please press 1 now. If this is not Roger Abernathy, please press 2 now. Once again if this is Roger Abernathy,

---

[1] Its not clear if Plaintiff is asserting that the message was left once or multiple times. Although Plaintiff's Complaint appears to reference a single message, Plaintiff states in a discovery response that "Plaintiff believes he received said voicemail more than once."

> please press 1 now. If this is not Roger Abernathy, please press 2 now. Once again, this is an important call for Roger Abernathy. This is not a telemarketing call. Please ask Roger Abernathy to call us at (866) 227-9324 and reference account number 2691941. Thank you. Goodbye.

Plaintiff's Complaint contains a single count asserting that Defendant's conduct has violated §§ 1692(d), 1692(d)(6), 1692(e), 1692(e)(10), and 1692(e)(11) of the FDCPA.

NCC, by way of an affidavit from its Vice-President, Irv Pollan, asserts that NCC employs an auto-dialing system which recognizes answering machines. If an answering machine is detected, their system automatically hangs up without leaving a message. If a person answers the phone, the call recipient receives the recorded message transcribed in Abernathy's Complaint. Pollan states that "this is a reliable commercially available system which performs its intended functions and has no history of significant malfunctions."

After the recipient of the message presses either one or two, he or she is connected to a live operator who ascertains the identity of the person on the telephone. If the person on the telephone is the debtor, he or she is given a "mini-Miranda" warning containing certain disclosures required by the FDCPA. If the person on the phone is not the debtor, the NCC collector merely requests that the recipient ask the debtor to call NCC without revealing that the purpose of the call is debt collection. NCC utilizes this system in an attempt to simultaneously comply with the FDCPA mandate that certain disclosures be given to the debtor and the FDCPA prohibition of communicating with third parties regarding a debt.

Pollan asserts that in order for the Plaintiff to have recorded the transcribed message, he, or someone else at the house, would have to have actually answered the phone to trigger the system to play the recorded message, and then stay on the line without pressing either one or two. Abernathy denies ever picking up the phone.

**DISCUSSION**

**I.     Motion to Strike [46]**

Defendant has filed a Motion to Strike Plaintiff's Response in Opposition to its pending Motion for Summary Judgment because, according to NCC, it contains an affidavit which contradicts a purported Rule 36 admission by the Plaintiff. Defendant seeks to strike not only the affidavit but also Plaintiff's response in its entirety.

As noted above, NCC's Motion for Summary Judgment includes an affidavit from Irv Pollan. This affidavit is clearly marked as Exhibit "A." The affidavit itself includes two exhibits, including a copy of a collection letter clearly marked as Exhibit "A-1." Defendant propounded, inter alia, the following request for admission to the Plaintiff:

> **REQUEST FOR ADMISSION NO. 13**: Admit that each fact stated in Exhibit A-1 of the Defendant's Motion for Summary Judgment is true, correct and accurate.
>
> **RESPONSE:** Admit

Defendant premises its motion to strike, as well as the majority of its summary judgment reply brief, on the erroneous belief that Plaintiff admitted the facts in Exhibit "A" (Pollan's affidavit) rather than "A-1" (the letter). Consequently, the Motion to Strike [40] is DENIED. Plaintiff's Motion for Leave to File a Sur-Reply to the Motion to Strike [46] is DENIED as MOOT.

**II.     Motion to Dismiss or for Summary Judgment [10]**

NCC seeks dismissal of Plaintiff's claims, pursuant to Federal Rule of Civil Procedure 12(b)(1), asserting that the Plaintiff has failed to allege an injury in fact sufficient to confer Article III standing. Alternatively, NCC seeks summary judgment pursuant to Federal Rule of Procedure 56.

### A. Motion to Dismiss for Lack of Standing

NCC firsts seeks to dismiss Abernathy's claims pursuant to Federal Rule of Civil Procedure 12(b)(1), asserting that Abernathy has failed to allege an injury in fact. In his request for relief, Abernathy seeks statutory damages, attorney's fees, and any other relief the Court deems appropriate. NCC argues that because Abernathy seeks only statutory damages and not "actual" damages, he has failed to allege an injury in fact sufficient to confer Article III standing.

Article III of the Constitution confines the federal courts to adjudicating actual "cases" and "controversies." Allen v. Wright, 468 U.S. 737, 750, 104 S. Ct. 3315, 82 L. Ed. 2d 556 (1984). In order to satisfy Article III's standing requirements, a plaintiff must show (1) he has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 180-81, 120 S. Ct. 693, 145 L. Ed. 2d 610 (2000) (citing Lujan v. Defenders of Wildlife, 504 U.S. 560-61, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992)). However, "the actual or threatened injury required by Art. III may exist solely by virtue of 'statutes creating legal rights, the invasion of which creates standing.'" Warth v. Seldin, 422 U.S. 490, 500, 95 S. Ct. 2197, 45 L. Ed. 2d 343 (1975) (quoting Linda R.S. v. Richard D., 410 U.S. 614, 617 n.3, 93 S. Ct. 1146, 35 L. Ed. 2d 536 (1973)).

The FDCPA was enacted to "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692. The FDCPA provides that, in

addition to actual damages, "any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to . . . such additional damages as the court may allow, but not exceeding $1,000." 15 U.S.C. § 1692k(a). A prevailing plaintiff may also be entitled to recover costs and reasonable attorney's fees. 15 U.S.C. § 1692k(a)(3).

As Defendant admits, several Courts of Appeal have considered this issue and concluded that consumers may recover statutory damages for violations of the FDCPA even in the absence of any "actual" damages. See Federal Home Loan Mortg. Corp v. Lamar, 503 F.3d 504, 513 (6th Cir. 2007) ("a consumer may recover statutory damages if the debt collector violates the FDCPA even if the consumer suffered no actual damages"); Robey v. Shapiro, Marianos, & Cejda, LLC, 434 F.3d 1208, 1212 (10th Cir. 2006) ("'injury in fact' analysis for purposes of Article III is directly linked to the question of whether [plaintiff] has suffered a cognizable statutory injury under the FDCPA"); Miller v. Wolpoff & Abramson, LLP, 321 F.3d 292, 307 (2d Cir. 2003) ("FDCPA . . . permits the recovery of statutory damages up to $1,000 in the absence of actual damages. Thus, Courts have held that actual damages are not required for standing under the FDCPA."); Keele v. Wexler, 149 F.3d 589, 593 (7th Cir. 1998) ("The FDCPA does not require proof of actual damages as a precursor to the recovery of statutory damages."); Baker v. G.C. Servs. Corp., 677 F.2d 775, 780-81 (9th Cir. 1982) (same). The Court has been presented with no contrary authority.[2]

Turning to the facts of the instant case, the Court finds that Abernathy has alleged an "injury

---

[2]NCC anticipated a favorable ruling on this issue from the United States Supreme Court in Edwards v. First American Corp., 610 F.3d 514 (9th Cir. 2010), *cert. granted* — U.S. — 131 S. Ct. 3022, 180 L. Ed. 2d 843 (2011). However, on June 28, 2012, the Supreme Court dismissed the writ of certiorari as improvidently granted. 132 S. Ct. 2536 (2012).

in fact" sufficient to maintain Article III standing. In particular, he maintains that NCC violated his rights under the FDCPA by "engag[ing] in . . . conduct the natural consequence of which is to harass, oppress, or abuse" in violation of §1692d, and by using a "false, deceptive, or misleading representation or means in connection with the collection of any debt" in violation of §1692e. The alleged violation of these statutory rights is a sufficient injury in fact to confer standing in this litigation. Warth, 422 U.S. at 500, 95 S. Ct. 2197; Robey, 434 F.3d at 1212. Accordingly, the Court denies NCC's Motion to Dismiss based on Abernathy's purported lack of standing.

### B. Motion for Summary Judgment

Defendant also asserts that, in the alternative, it is entitled to summary judgment under Rule 56. In particular, NCC, relying on the Pollan affidavit, disputes that any message was left on Abernathy's answering machine in the manner alleged by Abernathy.

1. Summary Judgment Standard

"A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought." FED. R. CIV. P. 56(a). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Id. "An issue of material fact is genuine if a reasonable jury could return a verdict for the nonmovant." Agnew v. Washington Mut. Fin. Group, LLC, 244 F. Supp. 2d 672, 675 (N.D. Miss. 2003) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)).

"A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for

purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." FED. R. CIV. P. 56(c)(1). "Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." Oliver v. Scott, 276 F.3d 736, 744 (5th Cir. 2002).

The Court is not to weigh the evidence or engage in credibility determinations. Anderson, 477 U.S. at 249, 106 S. Ct. 2505; Deville v. Marcantel, 567 F.3d 156, 164 (5th Cir. 2009). "[T]he court must view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in its favor." Deville, 567 F.3d at 164.

2. Discussion

As stated above, the FDCPA was enacted to "to eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692.[3] The FDCPA is a strict liability statute, Osborn v. Ekpsz, LLC, 821 F. Supp. 2d 859, 867 (S.D. Tex. 2011), and requires no showing of intentional conduct on the part of a debt collector. Edwards v. Niagara Credit Solutions, Inc., 586 F. Supp. 2d 1346, 1357 (N.D. Ga. 2008), aff'd 584 F.3d 1350 (11th Cir. 2009). A single violation of the statute is enough to establish civil liability. Id. In the sole count of his verified Complaint, Abernathy alleges that Defendant's conduct violated § 1692d and § 1692e of the FDCPA by leaving a message on his answering machine which failed to meaningfully disclose the caller's identity or disclose that it was a communication from a debt collector.

---

[3]The parties do not dispute that Abernathy is a "consumer" as defined by § 1693a(3), that NCC is a "debt collector" as defined by § 1692a(6), or that NCC attempted to collect an alleged "debt" from Plaintiff as defined by § 1692a(5).

      i.      15 U.S.C. § 1692d

Section 1692d of the FDCPA provides:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> . . .
> (6) Except as provided in section 1692b[4] of this title, the placement of telephone calls without meaningful disclosure of the caller's identity.

15 U.S.C. § 1692d. Meaningful disclosure requires "that the debt collector state his or her name, capacity, and provide enough information to the consumer as to the purpose of the call." Doshay v. Global Credit Collection Corp., 796 F. Supp. 2d 1301, 1304 (D. Colo. 2011). "Most courts have consistently held that the statute applies to automated messages." Whatley v. Creditwatch Servs., 2012 WL 2885640 (E.D. Tex. 2012) (citing Versteeg v. Bennett, Deloney & Noyes, P.C., 775 F. Supp. 2d 1316 (D. Wyo. 2011); Doshay v. Global Credit Collection Corp., 796 F. Supp. 2d 1301,1304 (D. Colo. 2011); Torres v. ProCollect, Inc., ––– F. Supp. 2d ––––, 2012 WL 1969280 (D. Colo. 2012)).

In his verified complaint and affidavit, Abernathy avers that NCC left the transcribed message—which fails to disclose the identity of the caller—on his answering machine. NCC responds by asserting that "[t]his allegation is demonstrably false" and that Abernathy or someone else must have answered the telephone, recorded the message, and then hung up without pressing either one or two. According to NCC, the alleged FDCPA violation is "self inflicted" because Abernathy (or whoever answered the phone) did not press one or two. Abernathy avers that he did not pick up the telephone and that the message was left on his home answering machine. Given

---

[4] Neither party asserts that the exception found in §1692b is applicable in this case.

these conflicting factual allegations, the Court finds a genuine dispute of material fact as to whether the message was left on Plaintiff's answering machine in violation of § 1692(d)(6). Accordingly, Defendant's Motion for Summary Judgment is denied as to this claim.

Section 1692d(5) of the FDCPA also prohibits a debt collector from "[c]ausing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." Although Plaintiff's Complaint does not appear to assert that NCC violated §1692d(5), NCC spends a considerable amount of time arguing that the volume of attempted calls to the Plaintiff did not violate this provision. Abernathy fails to respond to this argument. Accordingly, to the extent that such a claim is asserted in this case, NCC's Motion for Summary Judgment is granted as to any claim that NCC's conduct violated §1692d(5).

    ii.        15 U.S.C. § 1692e

Section 1692e of the FDCPA provides:
A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
. . .
(11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

The FDCPA defines "communication" as the "conveying of information regarding a debt directly or indirectly to any person through any medium." § 1692a(2). Courts have concluded that similar messages left on a consumer's voicemail or answering machine qualify as "communications" under the act. See e.g. Doshay, 796 F. Supp. 2d at 1304 (citing cases); Edwards v. Niagara Credit Solutions, Inc., 586 F. Supp. 2d 1346, 1359 (N.D. Ga. 2008), aff'd 584 F.3d 1350 (11th Cir. 2009).

9

The Court finds a genuine dispute of material fact as to whether a message was left on Plaintiff's answering machine in violation of § 1692e(11). Accordingly, Defendant's Motion for Summary Judgment is denied as to this claim.

Abernathy's complaint also asserts a violation of §1692e(10), which prohibits "the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." NCC argues that Abernathy fails to identify any "false representation or deceptive means" in his Complaint. Abernathy fails to articulate in his response how NCC's conduct violated §1692e(10). Accordingly, the Court grants NCC's Motion for Summary Judgment as to Abernathy's §1692e(10) claim.

### iii. Affirmative Defense - Bona Fide Error

NCC finally argues that it is entitled to summary judgment on the basis of the bona fide error defense. A debt collector may not be held liable under the act if it "shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." § 1692k(c). A debt collector asserting the bona fide error defense must show by a preponderance of th evidence that its violation of the Act: (1) was not intentional; (2) was a bona fide error; and (3) occurred despite the maintenance of procedures reasonably adapted to avoid such error. Edwards v. Niagara Credit Solutions, Inc., 584 F.3d 1350, 1352-353 (11th Cir. 2009) (citing Johnson v. Riddle, 443 F.3d 723, 727 (10th Cir. 2006)). This is necessarily a "fact intensive inquiry." Owen v. I.C. System, Inc., 629 F.3d 1263, 1274 (11th Cir. 2011).

NCC asserts this defense for the first time in its reply brief. As a general rule, this Court will not consider a defense raised for the time in a reply brief. See Senior Unsecured Creditors

Committee of First Republic Bank Corp. v. F.D.I.C., 749 F. Supp. 758, 772 (N.D. Tex. 1990). However, even considering NCC's argument on the merits, the Court finds it not well taken for several reasons. First, NCC's briefing on this matter is premised on its erroneous belief that Plaintiff admitted the facts contained in the Pollan declaration. As discussed above, this contention is without merit. Second, the Court finds that the somewhat generic description of NCC's dialing system in Pollan's affidavit is insufficient to establish as a matter of law that NCC is entitled to summary judgment on the basis of bona fide error, an affirmative defense on which NCC bears the burden of proof. See Reichert v. Nat'l Cred Systems, Inc., 531 F.3d 1002, 1007 (9th Cir. 2008) ("If the bona fide error defense is to have any meaning in the context of a strict liability statute, then a showing of 'procedures reasonably adapted to avoid such error' must require more than a mere assertion to that effect. The procedures themselves must be explained, along with the manner in which they were adapted to avoid the error."). The Court finds a triable issue of fact as to whether the bona fide error defense is applicable, and summary judgment would be inappropriate on this basis.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Strike [40] is DENIED, Plaintiff's Motion for Sur-Reply [46] is DENIED as MOOT, and Defendant's Motion to Dismiss, or in the alternative, for Summary Judgment [10] is GRANTED in part and DENIED in part.

SO ORDERED on this, the 18th day of September, 2012.

      /s/ Sharion Aycock  
**UNITED STATES DISTRICT JUDGE**