### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF MISSISSIPPI
### DELTA DIVISION

| | |
|---|---|
| RODGER ABERNATHY,<br><br>      Plaintiff,<br><br>  v.<br><br>NCC BUSINESS SERVICES, INC.,<br><br>      Defendant. | Civil Action No.: 2:11 CV219-P-A |

### MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S SECOND MOTION FOR SUMMARY JUDGMENT

NOW COMES Plaintiff, ROGER ABERNATHY ("Plaintiff"), by and through his attorneys, KROHN & MOSS, LTD., and hereby files his Memorandum in Support of his Motion to Strike Defendant's, NCC BUSINESS SERVICES, INC. ("Defendant"), Second Motion for Summary Judgment. In support thereof, Plaintiff states as follows:

On November 8, 2011, Plaintiff filed his Complaint against Defendant alleging Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA") [#1]. Defendant filed its Answer to Plaintiff's Complaint on January 2, 2012 [#4]. On February 15, 2012, the Court entered a Case Management Order which scheduled, *inter alia*, that the parties were to complete discovery by October 20, 2012 [#16].

That same day, Defendant took it upon itself to file a Motion to Dismiss and for Summary Judgment (hereinafter "first motion for summary judgment") before completing discovery [#10-11]. Defendant's first motion for summary judgment argued that Plaintiff could not raise a claim under §§ 1692d(6) and 1692e(11) of the FDPCA, believing that its automated dialing system distinguishes between answering machines and live calls, and that Plaintiff must

have answered Defendant's call in order for Defendant to leave the unlawful message giving rise to Plaintiff's claim [#10-11]. Plaintiff opposed this position and filed his response brief on June 13, 2012 [#37].

After the first motion for summary judgment was fully briefed, this Court ultimately rejected Defendant's claim, finding there is a "genuine dispute of material fact as to whether the message was left on Plaintiff's answering machine" in violation of the FDCPA, and denied Defendant's first motion for summary judgment as to §§ 1692d(6) and 1692e(11) of the FDCPA [#60]. *See* Order on Defendant's first motion for summary judgment, attached hereto as Exhibit A.

Defendant also claimed that if it did violate the FDPCA it should be entitled to the FDPCA's *bona fide* error defense [#38-39].[1] The Court also denied Defendant's *bona fide* error claim, finding that this defense was not well taken "for several reasons" including the fact that the "generic description" of Defendant's dialing techniques was insufficient to entitle it to the *bona fide* error defense as a matter of law [#60]. Thus, the Court's September 18, 2012 ruling held that Plaintiff's cause of action would proceed as to his § 1692d(6) and 1692e(11) claims and Defendant was not entitled to a *bona fide* error defense as a matter of law [#59-60].

On November 12, 2012, nearly two months after the Court's ruling on Defendant's first motion for summary judgment, Defendant filed a second motion for summary judgment on Plaintiff's remaining claims under §§ 1692d(6) and 1692e(11) of the FDCPA [#66-67]. Defendant again attempts to claim that it should be entitled to summary judgment on Plaintiff's remaining claims, again taking the same position that it could not have left the unlawful message

---

[1] Defendant did not raise this argument initially in its first motion for summary judgment, but instead argued *bona fide* error in its reply brief filed on June 20, 2012 [#38-39]. The Court rightfully stated that it was improper to rasise this argument in a reply, but, notwithstanding, addressed the merits of Defenant's *bona fide* error argument and denied this claim [#60].

on Plaintiff's answering machine unless the call was answered by an actual person [66-67]. This is the very same argument that it made in its first motion for summary judgment [#10-11, 66-67].

Defendant also attempts to again argue that if it violated the FDPCA, it should be entitled to a *bona fide* error defense because the automated calling system it uses should not have left that message on an answering machine, the very same argument that it previously raised that was rejected by the Court [#38-39, 60, 66-67]. Defendant's second motion for summary judgment is merely an attempt to re-argue its errant belief that it is entitled to summary judgment, while avoiding the heightened standard for reconsideration and possible consequences for improperly using the Court's time and resources [#66-67].[2]

The evidence presented in Defendant's Second Motion for Summary Judgment was available to Defendant when it filed its first motion, as Plaintiff's evidence has remained consistent since the onset of this case. As the evidence has remained consistent, and this Court already found disputes of material fact exist, Defendant seemingly hopes that the Court will rule differently after a second look.

Such an act by Defendant is improper, impermissible, and, accordingly, this Honorable Court should strike Defendant's Second Motion for Summary Judgment. Alternatively, should the Court permit Defendant's filing, Plaintiff respectfully requests an extension of time to file his response in opposition until 21 days after entering decision on Plaintiff's instant motion.

WHEREFORE, Plaintiff requests this Honorable Court strike Defendant's Second Motion for Summary Judgment or, in the alternative, grant allow Plaintiff 21 days from entry of

---

[2] Motion for reconsideration must be filed within ten (10) days and can only be granted in the event of (1) an intervening change in controlling law, (2) the availability of new evidence not previously available, and (3) the need to correct a clear error of law or prevent manifest injustice. *Hood v. Cent. United Life Ins. Co.*, 664 F. Supp. 2d 672 (N.D. Miss. 2009); *see also Nationwide Mut. Fire Ins. Co. v. Pham*, 193 F.R.D. 493, 495 (S.D. Miss. 2000) (finding a motion to reconsider was merely a second attempt to "sway the judge," was improper and subject to Rule 11 sanctions).

3

an Order on the instant motion to file his Response in Opposition to Defendant's Second Motion for Summary Judgment.

| | |
|---|---|
| Dated: November 14, 2012 | By: /s/ Shireen Hormozdi<br>Shireen Hormozdi<br>Krohn & Moss, Ltd.<br>10474 Santa Monica Blvd., Suite 401<br>Los Angeles, CA 90025<br>Tel: (323) 988-2400 x 267<br>Fax: (866) 620-2956<br>shormozdi@consumerlawcenter.com<br>Mississippi Bar No. 103799<br>Attorney for Plaintiff |

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 14, 2012, a true and correct copy of the foregoing was filed with the Clerk of the Court for the United States District Court for the Northern District of Mississippi by using the Court's CM/ECF system, and served upon the following via same:

William V. Westbrook III
Page Mannino Peresich & McDermott PLLC
2408 14th Street
Gulfport, MS 39501

| | |
|---|---|
| Dated: November 14, 2012 | By: /s/ Shireen Hormozdi<br>Shireen Hormozdi<br>Krohn & Moss, Ltd.<br>10474 Santa Monica Blvd., Suite 401<br>Los Angeles, CA 90025<br>Tel: (323) 988-2400 x 267<br>Fax: (866) 620-2956<br>shormozdi@consumerlawcenter.com<br>Mississippi Bar No. 103799<br>Attorney for Plaintiff |