## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF MISSISSIPPI
## DELTA DIVISION

RODGER ABERNATHY,

       Plaintiff,

   v.

NCC BUSINESS SERVICES, INC.,

       Defendant.

Civil Action No.: 2:11 CV219-P-A

## PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S SECOND MOTION FOR SUMMARY JUDGMENT

NOW COMES Plaintiff, ROGER ABERNATHY ("Plaintiff"), by and through his attorneys, KROHN & MOSS, LTD., and hereby files his Memorandum in Opposition to Defendant's, NCC BUSINESS SERVICES, INC. ("Defendant"), Second Motion for Summary Judgment. In support thereof, Plaintiff states as follows:

## I.    INTRODUCTION

Plaintiff alleges that Defendant called Plaintiff attempting to collect a debt and, in doing so, violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), based on a message it left for him on his answering machine in September 2011 that failed to identify itself or inform Plaintiff that it was a debt collector [#1]. Plaintiff alleges that Defendant's message was harassing and deceptive in violation of §§ 1692d, 1692d(6), 1692e, 1692e(10) and 1692e(11) of the FDCPA [#1].

On February 15, 2012, filed a Motion to Dismiss and for Summary Judgment (hereinafter "first motion for summary judgment") incorrectly arguing (1) that it complied with the FDCPA because Plaintiff knew Defendant left the message and (2) that the violation was self inflicted

based on the false conclusion that Plaintiff answered the call, should have pressed one or two on his phone to be transferred to a live representative and receive additional disclosures required by the FDCPA, but instead recorded Defendant's message [#10-11]. Plaintiff opposed both arguments and, in particular, adamantly maintained that neither he nor any other individual answered Defendant's telephone call and that the message was in fact left on his answering machine by Defendant [#37].

On September 18, 2012, the Court entered its Order on Defendant's first motion for summary judgment, acknowledging the parties' conflicting positions whether Defendant's call was answered or the message was actually left on Plaintiff's answering machine, as Plaintiff maintains, and denied Defendant's first motion for summary judgment finding a "genuine dispute of material fact as to whether the message was left on Plaintiff's answering machine" in violation of §§ 1692d(6) and 1692e(11) of the FDCPA [#60].[1] The Court also addressed Defendant's *bona fide* error affirmative defense, correctly noting that this argument was improperly raised for the first time in Defendant's reply brief [#60]. Notwithstanding, the Court denied Defendant's request for summary judgment on *bona fide* error, holding "that the somewhat generic description of NCC's dialing system in Pollan's affidavit is insufficient to establish as a matter of law that NCC is entitled to summary judgment on the basis of bona fide error, **an affirmative defense which NCC bears the burden of proof**" [#60] (emphasis added).

On November 12, 2012, Defendant filed another motion for summary judgment (hereinafter "second motion for summary judgment") where it attempts to cure its insufficient

---

[1] The Court also acknowledged that Defendant "spends a considerable amount of time arguing" that its calls did not violate § 1692d(5), despite the fact Plaintiff has never alleged this violation of the FDCPA. The Court granted summary judgment on § 1692d(5) "to the extent that such a claim is asserted. . . ." Plaintiff maintains that his FDCPA claim against Defendant is not related to a violation based on the number or frequency of calls under § 1692d(5).

arguments on Plaintiff's remaining claims under the FDCPA as well as its *bona fide* error defense [#66-67]. For the reasons stated herein, Defendant's second motion for summary judgment should be denied.

## II. STANDARD OF REVIEW

The Federal Rules of Civil Procedure provide for summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c)." *See Ballard v. Equifax Checks Services, Inc.*, 158 F. Supp.2d 1163, 1170 (E.D. Cal. 2001). In determining whether a genuine issue of material fact exists, the Court construes all facts in the light most favorable to the nonmoving party and draws all reasonable and justifiable inferences in that party's favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Summary judgment is not proper if material factual issues exist for trial. *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995), *cert. denied*, 516 U.S. 1171 (1996). The moving party bears the burden of proving the absence of any triable issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986). The non-moving party can defeat a motion for summary judgment by producing evidence "such that a reasonable jury could return a verdict" in his favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Importantly, the United States Supreme Court has long held that federal judges should only grant summary judgments against plaintiff with great caution. *Associated Press vs. United States,* 326 U.S. 1, 6 (1945) ("We agree that Rule 56 should be cautiously invoked to the end that parties may always be afforded a trial where there is a bona fide dispute of facts between them"); *New Hampshire Fire Ins. Co. vs. Scanlon,* 362 U.S. 404, 410 (1960) (In the absence of express

statutory authorization, courts should be extremely reluctant to allow proceedings more summary than a full court trial. When the issue is an ordinary dispute, "an everyday, garden-variety controversy that regular, normal court proceedings are designed to take care of," a person may have their "claim adjudicated by the Federal District Court but that should be done in a plenary, not in a summary, proceeding". *See also Redhouse vs. Quality Ford Sales, Inc.,* 511 F. 2d 230, 234 (10th Cir. Utah 1975) (Summary judgment does not serve as a substitute for trial, nor can it be employed so as to require parties to litigate via affidavits, and it is drastic relief to be applied with caution); *Giordano vs. Lee,* 434 F. 2d 1227 (8th Cir. Mo. 1970), cert. denied 403 U.S. 931 (summary judgment is an extreme remedy which should be sparingly employed). Since its impact is rather drastic, summary judgment under Rule 56 must be used with due regard for its purpose and should be cautiously invoked so that no person will be improperly deprived of trial of disputed factual issues. *Watson vs. Southern R. Co.,* 420 F. Supp. 483 (D.C.S.C. 1975).

## III. ARGUMENT

Defendant failed to meet its burden establishing that there is no genuine dispute of material fact as to whether Defendant violated the FDPCA under the least sophisticated standard as Defendant does not contest that it left the automated message that failed to state the caller's identity and that the call is from a debt collector. Defendant also failed to successfully establish that it is entitled to *bona fide* error as it does not argue that its violation was a *bona fide* error or that it has procedures in place to avoid this error and, whether any procedure is reasonable, is a matter for the trier of fact.

### A. The Least Sophisticated Consumer Standard and Strict Liability.

The FDCPA was enacted "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection

practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). When deciding whether a debt collector's actions violate the FDCPA, this court must evaluate the same under an unsophisticated or least sophisticated consumer standard. *See Gonzalez v. Kay*, 577 F.3d 600 (5th Cir. 2009) quoting *Goswami v. Am. Collections Enter., Inc*., 377 F.3d 488, 495 (5th Cir. 2004); *Taylor v. Perrin, Landry, deLaunay & Durand*, 103 F.3d 1232, 1236 (5th Cir. 1997). We must "assume that the plaintiff-debtor is neither shrewd nor experienced in dealing with creditors." *Goswami*, 377 F.3d at 495. "At the same time we do not consider the debtor as tied to the very last rung on the [intelligence or] sophistication ladder." *Id.* (internal quotation marks omitted) (alteration in original). Using this standard, a court must ask whether the information provided by the debt collector or the actions of the debt collector are confusing or misleading to the least sophisticated debtor. *Id.* Because FDCPA was modeled after the Truth-in-Lending Act ("TILA"), courts often look to TILA cases in deciding FDCPA claims. *Bracken v. Harris & Zide, L.L.P.* (N.D. Cal. 2004) 219 F.R.D. 481, 484.

Importantly, "[t]he FDCPA is a strict liability statute." *Irwin v. Mascott* (N.D. Cal. 2000) 112 F. Supp.2d 937, 963. A plaintiff need not prove either that the defendant knew that their debt collection practices were illegal or that they intended to violate the law. *Id.* The least sophisticated consumer standard, together with strict liability under the Act, "serves the dual purpose of protecting all consumers, including the inexperienced, the untrained and the credulous, from deceptive debt collection practices and protecting debt collectors against liability for bizarre or idiosyncratic consumer interpretations of collection materials." *Volden v. Innovative Financial Systems, Inc.*, 440 F.3d 947, 955 (8th Cir. 2006); s*ee also Gammon v. GC Services Ltd. Partnership*, 27 F. 3d 1254 (7th Cir. 1994); *Picht v. Hawks*, 77 F. Supp.2d 1041,

1043 (D. MN 1999) ("The FDCPA is a remedial, strict liability statute which was intended to be applied in a liberal manner") citing *FTC v. Raladam Co.*, 316 U.S. 149, 151-52 (1942); *Exposition Press, Inc. v. FTC*, 295 F.2d 869, 873 (2nd Cir. 1961), cert. denied, 370 U.S. 917 (1962).

Additionally, "[a] single violation of any provision of the Act is sufficient to establish civil liability under the FDCPA." *Gibson v. Grupo de Ariel, LLC*, 2006 WL 42369, *1 n. 2 (N.D. Tex. Jan. 9, 2006) quoting *Taylor*, 103 F.3d at 238; *see also Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 62 (2nd Cir. 1993) ("Proof of one violation is sufficient to support a finding of summary judgment in favor of the Plaintiff in an FDCPA action").

**B.    Defendant Failed to Meet Its Burden of Establishing that There is no Genuine Dispute of Material Fact as to Whether Defendant Violated §§ 1692d(6) and 1692e(11) of the FDCPA.**

A genuine dispute of fact exists as to whether Defendant left a message on Plaintiff's answering machine that violated §§ 1692d(6) and 1692e(11) of the FDPCA by not identifying itself or disclosing that it is a debt collector.  Under the FDPCA, § 1692d states:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.  **Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> (6) Except as provided in <u>section 1692b</u> of this title, the **placement of telephone calls without meaningful disclosure of the caller's identity**.

15 U.S.C. §§ 1692d and 1692d(6) (emphasis added).  Courts throughout the county have held that "meaningful disclosure" requires the disclosure of the caller's name, the debt collection company's name, and the nature of the debt collector's business.  *See Wright v. Credit Bureau of Georgia, Inc.*, 548 F. Supp. 591, 597 (N.D. Ga. 1982); *Baker v. Allstate Financial Services, Inc.*,

554 F. Supp. 2d 945, 949 (D. Minn 208); *Koby v. ARS National Services, Inc.*, 2010 WL1438763 (Mar. 29, 2010 S.D. Cal); *Valencia v. Affiliated Group, Inc.*, 2008 WL 4372895 at *3 (S.D. Fla. Sept. 23, 2008); *Carman v. Affiliated Group, Inc.*, 2011 WL 1351332 (D. Minn. 2011); *Hosseinzade v. M.R.S. Associates, Inc.*, 387 F. Supp. 2d 1104 (C.D. Cal 2005); *Costa v. National Action Financial Services*, 634 F. Supp. 2d 1069 (E.D.Cal.2007). The FDCPA also states that the following is a violation:

> The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and **the failure to disclose in subsequent communications that the communication is from a debt collector**, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

15 U.S.C. §§ 1692e(11) (emphasis added).

In making its argument regarding liability under §§ 1692d(6) and 1692e(11), Defendant first attacks the Court's first opinion denying summary judgment, claiming the Court's analysis "should be revisited" [#66].[2] Defendant describes at great length its message system, which it describes as a "superior type of messaging system" when compared to others on the market, arguing that the message left for Plaintiff was not intended to be left on an answering machine and, had Plaintiff pressed one or two, he would have been connected with a live representative,[3] to distinguish the Court's analysis from the case at bar [#66-67]. Defendant also incorrectly

---

[2] Defendant uses its second motion for summary judgment to challenge the Court's first opinion, rather than filing a motion for reconsideration, which requires a higher standard of review. *See Hood v. Cent. United Life Ins. Co.*, 664 F. Supp. 2d 672 (N.D. Miss. 2009) (motions to reconsider must be filed within ten days of an order and can only be granted in the event of an intervening change in controlling law, the availability of new evidence not previously available, and the need to correct a clear error of law or prevent manifest injustice); *Nationwide Mut. Fire Ins. Co. v. Pham*, 193 F.R.D. 493, 495 (S.D. Miss. 2000) (finding improper a motion to reconsider that was merely a second attempt to "sway the judge" and subjected the filer to Rule 11 sanctions).

[3] Defendant has never disclosed its training, policies or procedures regarding the alleged disclosures it now claims *should* have been left for a call recipient, despite Plaintiff's discovery requests regarding same.

claims that Plaintiff's testimony is insufficient to defeat summary judgment as to whether the call that resulted in the offensive message was ever answered by Plaintiff [#66-67]. Both of Defendant's arguments are fatally flawed.

First, and importantly, Defendant's position on the sophistication of its message system does not address whether §§ 1692d(6) and 1692e(11) were violated. This argument may be relevant to Defendant's *bona fide* error affirmative defense, but Defendant fails to support its position on liability under §§ 1692d(6) and 1692e(11). As further discussed *infra*, Defendant's *bona fide* error argument fails, and therefore, Defendant's position regarding the sophistication of its message system as it relates to liability under §§ 1692d(6) and 1692e(11) should be denied. Notwithstanding, Defendant's position on liability also fails. Defendant addresses the factual differences with its message system from those in the cases cited by the Court denying its first motion for summary judgment (Defendant ignores the Court's purpose and analysis in its first opinion, that the disclosure requirements under the FDPCA apply to messages left by debt collectors). Defendant cites three cases that it erroneously believes support a finding in its favor on Plaintiff's §§ 1692d(6) and 1692e(11): *Collier v. Professional Bureau of Collections*, 2012 WL 3745720 (D. Md. Aug. 28, 2012), *Breeders v. Gulf Coast Collection Bureau, Inc.*, 432 F. App'x 918 (11th Cir. 2011) and *Dokumaci v. MAF Collection Services*, 2011 WL 833988 (M.D. Fla. Mar. 4, 2011). In each of the three cases cited by Defendant, the debt collectors left messages that (1) identified the name of the collection agency and (2) disclosed that they were debt collectors as required by the FDCPA.[4] In this matter, Defendant's message failed to identify itself or state that it was a debt collector thus, Defendant's reliance on *Collier*, *Breeders*

---

[4] After an appeal, the District Court found that the term "collection bureau" in the collector's name was sufficient disclosure under § 1692e(11) of the FDCPA. *Beeders v. Gulf Coast Collection Bureau*, 796 F. Supp. 2d 1335, 1340-41 (M.D. Fla. 2011).

and *Dokumaci* is misplaced and does not support a finding of summary judgment in Defendant's favor.

Also, Defendant misrepresents Plaintiff's discovery responses to the Court, again attempting to argue that its message must have been left after somebody answered its call.[5] The apparent basis for Defendant's belief that Plaintiff cannot assert a factual dispute lies with Plaintiff's response to Defendant's Request for Admission No. 5, where Plaintiff stated that he "does not recall ever answering any telephone calls from Defendant" [#67]. Defendant incorrectly concludes that this response "raises no more than a 'metaphysical doubt' that the partial message was left without some sort of human intervention" and therefore, Defendant should not be found liable under §§ 1692d(6) and 1692e(11) [#67]. Not only is this argument misdirected with respect to liability, but it grossly misrepresents Defendant's discovery requests and Plaintiff's response.[6] First, Defendant's Request for Admission No. 5 asks Plaintiff to "[a]dmit that with one exception, no person answered any telephone call from the Defendant referenced in your Complaint." Plaintiff denied Defendant's vague request, further answering that "Plaintiff does not recall **ever answering any telephone calls** from the Defendant" [#67] (emphasis added). While Defendant misrepresents Plaintiff's response to suggest Plaintiff is uncertain whether or not he answered Defendant's call giving rise to this claim, Defendant also ignores that Plaintiff has unequivocally maintained that Defendant's message was left on his

---

[5] In denying Defendant's first motion for summary judgment, the Court ruled that whether Defendant's call was answered or the message was left on Plaintiff's answering machine was a genuine dispute of material fact. Defendant does not offer any new evidence to support its belief that its call was answered and therefore, this issue still remains a genuine dispute of material fact.

[6] This is not the first time Defendant premised an argument and its position on its failure to properly read discovery. Defendant attempted to strike Plaintiff's affidavit and opposition to its first motion for summary judgment based on an erroneous belief that Plaintiff admitted facts contained in Defendant's affidavit rather than Plaintiff's actual admission when Defendant asked Plaintiff about a collection letter it sent [#60]. The Court correctly recognized Defendant's error and denied its motion to strike [#60].

home answering machine and Plaintiff *never* answered this telephone call. *See* Plaintiff's response to Interrogatory No. 6 [#67] ("the message was automatically recorded on the phone's voicemail machine"); Plaintiff's response to Request for Admission No. 8 [#67] ("Said voicemail was left on Plaintiff's home voicemail **without Plaintiff's interference**.") (emphasis added); Plaintiff's declaration signed under penalty of perjury [#37-1] ("At no time did I pick up the telephone.").

Defendant's suggestion to the Court that Plaintiff is not certain whether the message was actually left on his answering machine is clearly false as Plaintiff has made it clear on numerous occasions that he never answered Defendant's telephone call and the message was left on his answering machine in violation of §§ 1692d(6) and 1692e(11) of the FDCPA, as this Court found in denying Defendant's first motion for summary judgment [#60]. A genuine dispute of fact exists as to whether Defendant left the message on Plaintiff's answering machine that failed to identify itself or disclose that the communication is from a debt collector under §§ 1692d(6) and 1692e(11). Defendant concedes that the recorded message but erroneously contends that the message was left after some intervention, which Plaintiff disputes.

### C. Defendant Fails to Meet its Burden Under the Affirmative Defense of *Bona Fide* Error Pursuant to § 1692k(c).

Under the FDCPA, "[a] debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding maintenance of procedures reasonably adapted to avoid any such error." 15 U.S.C. § 1692k(c). In attempt to rebut Plaintiff's claims under §§1692d(6), and 1692e(11), Defendant asserts that it is entitled to this *bona fide* error defense, which exists only as an exception to the strict liability imposed upon debt collectors by the FDCPA, and previously recognized and analyzed by this Court [#60].

The *bona fide* error defense is a "fact intensive inquiry." *Owens v. I.C. Systems, Inc.*, 629 F.3d 1263, 1274 (11th Cir. 2011); *Wilhelm v. Credico, Inc.*, 519 F.3d 416, 421 (8th Cir. 2008); *Smith v. Transworld Sys., Inc.*, 953 F.2d 1025, 1031 (6th Cir. 1992). Courts across the country have narrowly interpreted the *bona fide* error affirmative defense narrowly. *See Spencer v. Hendersen-Webb, Inc.*, 81 F. Supp. 2d 582, 591 (D.Md.1999) *(citing Pipiles v. Credit Bureau of Lockport, Inc.*, 886 F. 2d 22, 27 (2d Cir. 1989)); *Hulshizer v. Global Credit Services, Inc.*, 728 F. 2d 1037, 1038 (8th Cir.1984); *Baker v. G.C. Services Corp.*, 677 F. 2d 775, 779 (9th Cir. 1982). Further, whether the specific procedures a collector maintains were reasonable, for purposes of a *bona fide* error defense, is a question for the jury. *Reichert v. National Credit Systems, Inc.*, 531 F.3d 1002, 1007 (9th Cir. 2008); *Johnson v. Riddle*, 443 F.3d 723, 731-32 (10th Cir. 2006).

Discovery completed by October 20, 2012, pursuant to the Case Management Order [#16]. Thus, from the Court's Order denying defendant's first motion for summary judgment on *bona fide* error, Defendant had over a month to fulfill its disclosure obligations on the affirmative defense, of which it bears the burden of proof. As addressed in Plaintiff's response brief, during the course of discovery, Defendant disclosed Irv Pollan, President of NCC Services, Angela Cornwell, NCC Services employee, and Roger Abernathy, Plaintiff as individuals likely to have discoverable information as to any claims or defenses. In response to Plaintiff's Request for Production regarding Defendant's procedures to avoid violation of the FDPCA, Defendant stated,

> regardless of whether the Plaintiff answered the telephone on one occasion, or NCC's equipment somehow failed to recognize an answering machine, the system was not intended to leave a message unless the phone was answered by a person and therefore a bona fide error defense based on a one-time malfunction of the computerized equipment is alternatively relied upon as a basis for summary judgment. . . .

11

Defendant did not disclose any documents or supplement its response to Plaintiff's discovery requests regarding its procedures to avoid violating the FDPCA. Further, in response to Plaintiff's interrogatory for information regarding Defendant's message system, Defendant objected claiming "the type of computer system and programs utilized by the Defendant with respect to collection activity directed at the Plaintiff is not mentioned, relevant to, or alluded to in any way in any claim asserted in the Complaint or **any defense raised in the Answer**." Again, Defendant never amended or supplemented its answer to Plaintiff's discovery requests relevant to Defendant's *bona fide* error defense thus withholding information of its message and calling system from Plaintiff, depriving him the opportunity to explore this defense.

In its request for summary judgment on its *bona fide* error defense, Defendant goes to great length to describe a "rare computer malfunction" that would have caused its message to be left on Plaintiff's answering machine [#66-67]. Defendant claims that a "misdetect" would have caused its message to be left on Plaintiff's answering machine, something that is rare and something it or LiveVox, its computerized system, did not intend to happen [#66-67]. Defendant discusses the computerized LiveVox system and submits the affidavit of its president as well as the affidavit of Michael Leraris, chief financial officer of LiveVox, to support its position that the message could have only been left on Plaintiff's answering machine if there was a "misdetect" by the LiveVox system [#66-67].

The purpose of pre-trial disclosures and discovery procedures is to afford the parties with the opportunity to fully investigate all matters to avoid any undue surprise. *See West v. Sanders Clinic for Women, P.A.*, 661 So. 2d 714 (Miss. 1995) (affirming trial court's exclusion of certain expert testimony elicited at trial but not found in answers to interrogatories and stating seasonable supplementation requires supplementation when new information renders initial

response inadequate); *Motorola Communications & Elecs., Inc. v. Wilkerson*, 555 So. 2d 713 (Miss. 1989) (requiring seasonable disclosure to give enough time to prepare); *Jones v. Hatchett*, 504 So. 2d 198 (Miss.1987) (the purpose of civil discovery procedures is to prevent trial by ambush).

Defendant withheld information regarding the LiveVox system throughout the entire discovery procedure, despite Plaintiff's discovery requests regarding same, only to attempt to "ambush" Plaintiff in its second motion for summary judgment. Defendant knew when its first motion for summary judgment was denied that it would need additional information to prevail on a *bona fide* error defense, it knew the type of evidence it would need to present, and it knew what evidence was available. However, Defendant never provided any evidence or information to Plaintiff until it filed its second motion for summary judgment, thus depriving Plaintiff with an opportunity to explore and challenge Defendant's position on its affirmative defense.

Notwithstanding, Defendant has not presented any evidence as to why it, or LiveVox's, procedure failed in this case, merely stating that his is a rare occurrence. It seems that Defendant understands the importance of the FDCPA as it claims, for the first time in its motion for summary judgment, that it wants to ensure it has the debtor on the phone before discussing the debt. However, Defendant offers no evidence or argument as to why it has chosen to utilize a computerized system to conduct its collection activities, which is clearly a fallible system, rather than individuals capable of distinguishing between live persons and an answering machine. Further, whether Defendant's decision to substitute live callers for a computerized system is "reasonable" remains a question for the trier of fact to decide.

Defendant also fails to argue *how* its procedures failed specifically in this case. In September 2011 Defendant called Plaintiff and left an automated message on Plaintiff's

answering machine that did not identify Defendant's name or that it was a debt collector. In attempting to explaining how this failure occurred, Defendant merely states this would have been a "misdetect" and unintentional. Defendant fails to provide any other argument or evidence in support of this conclusory position; Defendant never provides any evidence to support its opinion that "misdetects" are rare (there is nothing regarding the frequency of these "misdetcts" that it acknowledges occurs) nor does Defendant ever state what it believes is "rare" occurrence rather than a frequent occurrence. Thus, Defendant has failed to provide any evidence to support judgment as a matter of law on its *bona fide* error defense.

## IV.   CONCLUSION

This Court previously denied Defendant's first motion for summary judgment, finding a genuine dispute of material fact whether Plaintiff answered Defendant's telephone call or whether Defendant's message was left on Plaintiff's answering machine [#60]. The Court also denied Defendant's request for summary judgment on its *bona fide* error defense, stating that the generic description of NCC's dialing system was insufficient to support summary judgment, as Defendant bears the burden of proof.

In its second motion for summary judgment, Defendant raises the same substantive argument with respect to liability under §§ 1692d(6) and 1692e(11) as it did in its first [#10-11, 66-67]. The Court correctly denied Defendant's first motion for summary judgment, finding a genuine dispute of material fact, and it should likewise deny Defendant's second motion for summary judgment based on the same argument with the same evidence. In arguing *bona fide* error, Defendant attempts to expand beyond the "generic description" of its dialing system that it unsuccessfully raised in its first attempt at summary judgment [#66-67]. However, Defendant again makes the same argument with regard to its computerized message system, merely making

14

a more specified description of its system [#66-67]. Defendant never provided any substantive response to Plaintiff's discovery requests regarding its system that it now relies so heavily on in its second motion for summary judgment and, therefore, should be barred from producing for the first time in its motion. Notwithstanding, whether leaving this message was, in fact, an error and whether Defendant's use of this computerized system is reasonable, a critical element in *bona fide* error, remains a genuine dispute of material fact.

Thus, Defendant has failed to meet its burden to support summary judgment on liability under §§ 1692d(6) and 1692e(11) of the FDCPA. Defendant has also failed to meet its burden that its violation of the FDCPA was the result of a *bona fide* error under § 1692k(c).

WHEREFORE, Plaintiff requests this Honorable Court enter an order denying Defendant's Second Motion for Summary Judgment.

Dated: January 2, 2013

By:  /s/ Shireen Hormozdi
Shireen Hormozdi
Krohn & Moss, Ltd.
10474 Santa Monica Blvd., Suite 401
Los Angeles, CA 90025
Tel: (323) 988-2400 x 267
Fax: (866) 620-2956
shormozdi@consumerlawcenter.com
Mississippi Bar No. 103799
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on January 2, 2013, a true and correct copy of the foregoing, **Plaintiff's Memorandum in Opposition to Defendant's Second Motion for Summary Judgment**, was filed with the Clerk of the Court for the United States District Court for the Northern District of Mississippi by using the Court's CM/ECF system, and served upon the following via same:

> William V. Westbrook III
> Page Mannino Peresich & McDermott PLLC
> 2408 14th Street
> Gulfport, MS 39501

Dated: January 2, 2013

By: /s/ Shireen Hormozdi
Shireen Hormozdi
Krohn & Moss, Ltd.
10474 Santa Monica Blvd., Suite 401
Los Angeles, CA 90025
Tel: (323) 988-2400 x 267
Fax: (866) 620-2956
shormozdi@consumerlawcenter.com
Mississippi Bar No. 103799
Attorney for Plaintiff